UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** *ex rel.* ) | | **CASE NO. 1:11 CV 396** |
| **Frank E. Piscitelli, Jr., Relator,** ) | | |
| *and on behalf of the states of California,* ) | | |
| *et al.*, ) | | |
| ) | | |
| **Plaintiff,** ) | | **JUDGE PATRICIA A. GAUGHAN** |
| ) | | |
| Vs. ) | | |
| ) | | |
| **Kaba Ilco Corp.,** *et al.*, ) | | **Memorandum of Opinion and Order** |
| ) | | |
| ) | | |
| **Defendants.** ) | | |

## INTRODUCTION

This matter is before the Court upon the Kaba Defendants' Motion to Dismiss Plaintiffs' Complaint for False Claims Act Violations (Doc. 22). This is a *qui tam* action brought on behalf of the United States and certain state governments alleging wrongdoing in connection with the marketing of locks. For the reasons that follow, the motion is GRANTED. Plaintiff's request for leave to amend is DENIED.

## FACTS

1

Plaintiff, Frank E. Piscitelli, Jr., Esq., brings this *qui tam* lawsuit on behalf of the United States of America, the States of California, Delaware, Florida, Hawaii, Illinois, Indiana, Massachusetts, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Rhode Island, Tennessee, Virginia, and the District of Columbia, against defendants, Kaba Ilco Corp., Kaba Corporation, Kaba Finance Corporation, Kaba Benzing America, Kaba Mas LLC, Kaba U.S Holding Ltd., Kaba Delaware, LLC, Kaba AG, and Kaba Holding AG.

For purposes of ruling on defendants' motion, the facts in the complaint are presumed true.

Defendants describe themselves as the world's number-one producer of key blanks, key-cutting machines, transponder keys, and high-security locks.  In addition, defendants are one of the world's leading providers of electronic access systems, locking systems, hotel locks, security doors, and time recording systems.  Defendants market pushbutton locks, which are opened through the use of a numeric code instead of a key.  According to the complaint, a "design flaw" exists, which allows an individual to open the lock by affixing a small magnet to its outside.

Plaintiff alleges that defendants engaged in a "fraudulent marketing scheme," which is described as follows:

> It was the plan and purpose of Defendants' scheme to illegally market [the locks], beginning with their launching in approximately 1976 and continuing until at least September 2010, in order to fraudulently obtain governmental reimbursement by making false and fraudulent claims regarding the [l]ocks' efficacy, security and safety in order to maximize Defendants' profits.

(Compl. ¶ 40).

In support of his allegation of a fraudulent marketing scheme, plaintiff alleges that the

following statements, in part, are fraudulent:

- The locks are dependable, easy to maintain, and flexible to meet the needs of today's fast-paced environment (Compl. ¶ 49);

- The locks are equipped with PIN access; mechanical push button lock; single access code and are ANSI/BHMA Grade 1 Certified (Compl. 50);

- [The locks offer] a tried and true way to protect your assets. The heavy-duty locks in this family are dependable, reliable, and flexible enough to fit any security need in airports, apartment buildings, college dorms, or manufacturing plants.... (Compl. ¶ 55); and

- The locks can also be used alone, or with another lock in residential applications.... The rugged all-metal construction is weather resistant, providing added strength and durability (Compl. ¶ 56).

Plaintiff alleges that defendants submitted claims to various governments seeking reimbursement for the sale of locks. According to the complaint, these reimbursement requests were "false claims" to the governments because the marketing was fraudulent. Although unclear, it appears that plaintiff alleges that the governments "got less than what they bargained for" because the locks could be opened through the use of a magnet.

Plaintiff filed a twenty count complaint against defendants. Count one is a claim under the False Claims Act, 31 U.S.C. § 3729. The remaining nineteen counts are asserted under similar state law statutes of eighteen different states and the District of Columbia.

Defendants move to dismiss and plaintiff opposes the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's

claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions."  *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996),  *unpublished*.  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

**ANALYSIS**

Defendants move to dismiss the complaint on three grounds.  According to defendants, the Court lacks jurisdiction over this matter because plaintiff is not the "original source" of the

information. Plaintiff does not directly respond to this argument. Alternatively, defendants argue that the complaint fails to identify a "false claim" defendants submitted to the government and further fails to satisfy Rule 9(b)'s heightened pleading requirements. In response, plaintiff argues that the complaint refers to several false statements that appeared in marketing materials and identifies "numerous governmental entities...that were subject to these material misrepresentations, including, but not limited to, the Transportation Security Administration, the United States Postal Offices, the Office of the Secret Service, the Federal Bureau of Investigation, local District Attorney's offices, government owned health care facilities, and federal and state courthouses." Plaintiff also argues that the complaint satisfies Rule 9(b)'s heightened pleading requirements.

Defendant argues that the Court lacks jurisdiction because plaintiff is not an "original source" of information. 31 U.S.C. § 3720(d)(4)(A), provides, in relevant part:

> The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed--
>
> > (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;
> >
> > (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or
> >
> > (iii) from the news media,
>
> unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

Defendant argues that plaintiff represents a class of individuals in an MDL proceeding filed against defendants. The first action in the MDL was filed on November 29, 2010, well before plaintiff filed this lawsuit. As such, defendant claims there was public disclosure of the

information at issue and plaintiff cannot be an "original source.[1]"

Plaintiff does not respond to this argument.  Upon review, the Court finds that plaintiff fails to establish jurisdiction because plaintiff does not allege or establish that he is an "original source" for the information provided to the government.  Although defendants do not establish that the information was disclosed either in a proceeding in which the government was a party or the media, defendants challenge this Court's jurisdiction by pointing out that the first action in the MDL proceeding was filed prior to this action and generally argues that the information was publically available.  Plaintiff wholly fails to respond to these arguments.  Because jurisdiction is not readily apparent from the face of the complaint, and because plaintiff does not respond to defendants' jurisdictional challenges, the Court finds that dismissal for lack of jurisdiction is required.

Assuming *arguendo* that jurisdiction exists over this matter, the Court finds that plaintiff falls far short of satisfying Rule 9(b)'s heightened pleading requirements.[2]  Claims asserted under the False Claims Act sound in fraud and, therefore, must satisfy Rule 9(b).  *Yushaz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir.2003).  To satisfy this pleading standard,

---

[1]  The statute defines "original source" as: "an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section."  31 U.S.C. § 3730(e)(4)(B).

[2]  Because the Court finds that plaintiff wholly fails to plead fraud with specificity, the Court need not address whether the allegedly fraudulent marketing statements are actionable.

6

plaintiff must allege the "time, place, and content of the alleged misrepresentation, the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id*. (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir.1993)(quotation omitted)).  Here, the complaint falls far short of satisfying this standard.  Plaintiff sued nine defendants in this case and wholly fails to identify which defendant made a particular statement.  Rather, plaintiff groups all nine defendants together and refers to them collectively.

In addition, the complaint fails to allege who heard or received the statements.  Rather, the complaint generally alleges only that "defendants knowingly and illegally promoted the sales and use of the Locks as safe and secure in order to maximize profits by making false and fraudulent statement to the public and federal, state, and local governments."  (Compl. ¶ 60). *See also*, Compl. ¶ 62 ("Defendant's conduct had a material effect on the government's decision to pay for the locks.").  Although plaintiff makes general references to "governments" making payments for the locks, the complaint wholly fails to identify specific governmental entities or units that actually purchased any of the locks at issue.  Plaintiff's citation to Paragraph 20 of the complaint does not help his argument.  It provides, in relevant part:

> [Defendants] access systems consist of [locks] ranging from those for use in the private home to those intended to service...governmental buildings, airports or classified sectors, including but not limited to the Transportation Security Administration, federal and state courthouses, government owned health care facilities, United States Postal Offices, the Office of the Secret Service, the Federal Bureau of Investigation and local District Attorneys' Offices.

Although this paragraph describes governmental units that defendants "intended to service," it does not state that these units purchased locks or that defendants submitted claims for locks sold to these units.  Accordingly, the paragraph adds no specificity to plaintiff's complaint.

In addition, the complaint does not aver the timing that particular statements were made.

7

Rather, it points to marketing statements that were purportedly made as part of an "illegal marketing scheme" in existence from 1976 through "at least September 2010." Thus, plaintiff refers to a 34-year time span, but fails to identify even generally when the allegedly fraudulent statements were made.  Nor does plaintiff identify the timing that defendant allegedly submitted a false claim to a governmental entity.  In sum, the complaint falls far short of satisfying Rule 9(b)'s pleading requirements and dismissal is warranted on that basis.[3]    In his brief in opposition, plaintiff requests leave to amend the complaint, arguing that "presumably [the Court will] state in what way" plaintiff fails to comply with the pleading requirements.  At the same time, however, plaintiff argues in many places in his brief that the complaint "contains as much specificity as currently possible" because the relevant material is in the possession of other individuals or entities.  Plaintiff indicates that "discovery" would assist him in addressing specificity requirements.  Upon review, the Court denies as futile plaintiff's request for leave to amend.  *See, Yushaz v. Brush Wellman, Inc.*, 341 F.3d at 569 (denial of leave to amend as futile appropriate where plaintiff acknowledges that he has plead all of the facts that he knows). Plaintiff acknowledges that absent discovery, plaintiff will be unable to add any further specificity to the complaint.  In that plaintiff is unable to properly plead a claim, discovery is not appropriate.  This is especially so in light of the fact that the government, who would likely possess additional information, opted not to pursue litigation on its own behalf.  Accordingly, the request is denied.

**CONCLUSION**

---

[3] Defendants argue, and plaintiff does not dispute, that the specificity requirements apply to the state law claims as well as the federal claim.

For the foregoing reasons, the Kaba Defendants' Motion to Dismiss Plaintiffs' Complaint for False Claims Act Violations (Doc. 22) is GRANTED and plaintiff's request for leave to amend is DENIED.

IT IS SO ORDERED.

                                      /s/Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
Date:   12/13/12            United States District Judge